UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-243(1) (JRT/HB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER OF DETENTION |
| | ) |
| JOSHOAMEI DEANGELO RICHARDSON, | ) |
| | ) |
| Defendant. | ) |

This matter came before the Court by video teleconference on November 3, 2020, for a detention hearing. The defendant, Joshoamei Deangelo Richardson, appeared in custody and was represented by his appointed counsel, Bruce Rivers, Esq. The United States was represented by Assistant United States Attorney Benjamin Bejar. The United States moved for detention at Richardson's initial appearance on October 29, 2020, where he was advised of his constitutional rights and afforded opportunity to consult with his appointed counsel. *See* Fed. R. Crim. P. 5(d).

After consideration of the pretrial services report, the arguments of counsel, the record before the Court, the serious nature of the current charges, and the factors listed in 18 U.S.C. § 3142(g), the Court finds detention is warranted in this case. Specifically, the Court finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of the community, and the Court further concludes by a preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the appearance of Richardson as required at

future Court proceedings. Accordingly, the Court grants the United States' motion for detention.

## FINDINGS OF FACT

1. Richardson is presently charged with one count of aiding and abetting carjacking, in violation of 18 U.S.C. §§ 2 and 2119(1), which carries a statutory maximum of 15 years' imprisonment, and one count of aiding and abetting using, carrying, and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2, 924(c)(1)(A)(ii), which carries a minimum-mandatory consecutive term of 7 years' imprisonment. (ECF 1)

2. According to the bond report, Richardson has a prior felony conviction, and was on pretrial release for a state first-degree aggravated robbery charge (involving a firearm) at the time of the alleged offense. Richardson also has another pending felony controlled substance crime charge and a misdemeanor fleeing police on foot charge.

3. The bond report also indicates that Richardson, although only 19 years old, has a significant warrant and supervision-violation history. Additionally, Richardson has failed to appear for court-related proceedings.

4. The government proffered that following his arrest on the federal warrant, Richardson pulled away from, and attempted to flee, the federal arresting agents and was tackled and placed in leg shackles.

## CONCLUSIONS OF LAW

Based upon the foregoing, the Court makes the following conclusions of law:

1. The using, carrying, and brandishing a firearm during and in relation to a crime of violence charge, 18 U.S.C. § 924(c)(1)(A)(ii), raises a rebuttable presumption in favor of detention. 18 U.S.C. § 3142(e)(3)(B). The burden of production is on the defendant to rebut the presumption, but even if rebutted, the presumption does not entirely dissipate, but instead remains a factor to be considered among the other § 3142(g) factors. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

2. Though Richardson is a lifelong resident in the District, the Court finds he has failed to rebut the presumption in favor of detention based on his history of failures to appear, lack of compliance with supervision, gang involvement, weapons use, and violent behavior. The Court further specifically finds that even if Richardson rebutted the presumption, the totality and weight of the 3142(g) factors would nonetheless warrant detention in this case.

3. Based on the pretrial services report, the serious nature of the charges, the arguments of counsel, and considering the factors outlined in 18 U.S.C. § 3142(g), (including the rebuttable presumption), no condition or combination of conditions will reasonably assure the safety of the community or will reasonably assure the appearance of Richardson as required at future Court proceedings should he be released pending trial. *See United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986) (recognizing that either danger to the community or risk of flight is sufficient to authorize detention).

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The motion of the United States for detention is **GRANTED**;

2. Richardson is committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Richardson shall be afforded reasonable opportunity to consult privately with counsel; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which Richardson is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with further court proceedings.

Dated:  November 20, 2020

_____
BECKY R. THORSON
UNITED STATES MAGISTRATE JUDGE